IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NATHANIEL COTTON                                                                                           PLAINTIFF

      v.                                  Civil No. 3:22-cv-03033-TLB-MEF

JAIL ADMINISTRATOR HETTIE PARKER,
Searcy County Detention Center                                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Plaintiff is incarcerated in the Searcy County Detention Center.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I.     DISCUSSION

Plaintiff filed this action on June 22, 2022. His motion for leave to proceed *in forma pauperis* ("IFP") was incomplete. Plaintiff was ordered (ECF No. 3) to file a completed IFP application or pay the filing fee by July 13, 2022. In that same Order (ECF No. 3), Plaintiff was directed to file an amended complaint. The amended complaint was also to be filed by July 13, 2022. Plaintiff was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

On July 20, 2022, a Show Cause Order (ECF No. 5) was entered due to Plaintiff's failure to file a completed IFP application or an amended complaint. Plaintiff was given until August

1

10, 2022, to show cause why he failed to comply with the Court's Order (ECF No. 3).

To date, Plaintiff has not filed a completed IFP application, or an amended complaint, or a response to the Show Cause Order.  Plaintiff has not sought an extension of time to comply with the Orders (ECF Nos. 3, 5).  No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** due to the Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

    DATED this 23rd day of August 2022.

                                          /s/ *Mark E. Ford*
                                          HON. MARK E. FORD
                                          UNITED STATES MAGISTRATE JUDGE